**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **ABDELRAHMAN AYYAD, et al.,** ) | |
| ) | Case No. 8:16-cv-03032-PX |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| **INTERNAL REVENUE SERVICE** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN**
**SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Abdelrahman Ayyad ("Plaintiff A. Ayyad") and Plaintiff Sara Ayyad ("Plaintiff S. Ayyad") (collectively referred to as "Plaintiffs"), through their undersigned counsel, Vadim D. Ronzhes and Kelly | Dorsey, P.C., hereby file this Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Summary Judgement being filed in conjunction with said motion. Pursuant to the motion being filed herewith, Plaintiffs respectfully move this Court for summary judgment in this Freedom of Information Act ("FOIA") matter as there is no genuine issue of material fact, and Plaintiffs are entitled to judgment as a matter of law as Defendant has not sufficiently complied with the FOIA request. In addition, Plaintiffs request that Defendant provide a Vaughn Index of any withheld information.

**TABLE OF CONTENTS**

TABLE OF CONTENTS....................2

I. STATEMENT OF FACTS....................3

II. LEGAL....................5

A. Standard for Summary Judgment

B. Standard for FOIA Review

III. ARGUMENT....................7

A. Defendant has failed to produce Plaintiffs' case history

B. Defendant has failed to produce the attachments referenced in the electronic correspondence

C. Defendant has failed to produce responsive electronic correspondence

D. Defendant has failed to produce documents concerning penalty determinations

E. Defendant has failed to produce segregable information

IV. VAUGHN INDEX....................11

V. CONCLUSION....................11

I.    STATEMENT OF RELEVANT FACTS

The Internal Revenue Service ("IRS" or "Defendant") has been examining the Plaintiffs' federal income tax returns since tax year 2006. On March 9, 2016, Plaintiffs filed an administrative FOIA request related to the aforementioned examinations seeking the production of agency records including, but not limited to, the following: full administrative file; all written correspondence; records related to any civil and/or criminal fraud investigation or assessment; any records relating to any accuracy-related penalty determinations or assessments; the entire case history; and identification of any official(s) having control of any records being requested. **Compl. ¶¶ 7 and 23.**

The IRS provided a partial response dated April 18, 2016, consisting mostly of records provided by Plaintiffs to Defendant, such as Plaintiffs' account statements, invoices, and financial records. Additionally, Defendant provided documents that were provided to Plaintiffs during or at the conclusion of the examinations. Due to the IRS' failure to address a significant amount of the requested information in the partial response, Plaintiffs filed an appeal of Defendant's denial to provide the requested records. **Compl. ¶ 19**. The IRS Office of Appeals reviewed the claims and determined that Defendant "met its burden in regard to adequacy of the search and applied the exemptions appropriately when they withheld the documents in full and in part." **Compl. ¶ 21**. On August 31, 2016, after exhausting all applicable administrative remedies, Plaintiffs filed the Complaint giving rise to the current action.

On March 2, 2017, Defendant, through its counsel, produced an additional eight hundred seventy-two ("872") pages of electronic correspondence. Many of those emails referenced attachments that were responsive to the FOIA request, which were not included with the document production. Defendant claimed an exemption on one hundred and three (103)

pages and one hundred thirty seven (137) partially exempt pages. Beyond stating the code section of the exemption, Defendant failed to provide any discernable information about the exempt information or any detail about the exempt pages.

Plaintiffs' counsel was aware of responsive electronic correspondence that was not produced. This information was forwarded to Defendant's counsel for further inquiry on March 8, 2017.

Plaintiffs have requested that Defendant produce the entire case history for tax years 2006 through 2013. With the initial document production, Defendant produced a portion of the case history for 2010. However, Defendant has failed to produce any additional part of the case history. It is a longstanding and enumerated practice that during examination the each IRS agent keeps a log of the actions taken during the examination. Given the fact that Plaintiffs' income tax returns have been under examination for tax years 2006 through 2015, and the existence of the case history has been previously disclosed, Defendant does not have any justification for failing to produce the case history. Moreover, as explained in more detail below, it is unlikely that the case history would be subject to any of the nine (9) FOIA exemptions, as it merely provides a chronological narrative of Plaintiffs' examination files.

Regarding Plaintiffs' request for records relating to penalty assessments, except for the 2010 penalty workpapers, the IRS has failed to produce any other responsive records, including Forms 11661 and 2797, which was included in the FOIA request.

Within the electronic correspondences provided, Defendant makes derogatory statements against Plaintiffs, Plaintiffs' representatives, and other IRS divisions. Additionally, Defendant provides information regarding criminal referrals and other conduct that specifically related to

4

the FOIA requests. Based on the nature of the records produced thus far, Plaintiffs' counsel is concerned about the information not being disclosed.

II.   LEGAL

    A.   Standard for Summary Judgment

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In general, FOIA disputes should be resolved in summary judgment. *Hanson v. United States Agency for Int'l Dev.*, 372 F.3d 286, 290 (4th Cir. 2004). To oppose summary judgment in a FOIA action, an agency must show, viewing the facts in the light most favorable to the requester, that there is a genuine issue of material facts with regard to the agency's compliance with the FOIA. *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994).

The agency's decision to withhold records is not entitled to deference, and the Court must begin with a strong presumption in favor of disclosure. *United States Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). Since the objective of a FOIA disclosure is not secrecy, any exemptions must be narrowly construed to best achieve that objective. *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976).

In conducting its review, the Court must at all times be aware of the FOIA's segregation requirement which mandates that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. §552(b). Therefore, before it permits an agency to withhold an entire document, the Court must determine whether non-exempt information may be excised from the document and released to the requesting party. *Krikorian v. Dep't of State*, 984 F.2d

461, 467 (D.C. Cir. 1993).  In making this determination, the Government bears the burden of proving that non-exempt documents are not "reasonably segregable."  *Williamette Indus., Inc. v. United States*, 689 F.2d 865, 868 (9th Cir.1982), *cert denied*, 460 U.S. 1052 (1983).

      B.  <u>Standard for FOIA Review</u>

The FOIA was enacted to maintain an open government and to ensure the existence of an informed citizenry "to check against corruption and to hold the governors accountable to the governed."  *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).  Congress explicitly provided that the agency called upon to provide documents bears the burden of demonstrating that any document withheld falls within a stated exemption. 5 U.S.C. § 552(a)(4)(B).

The FOIA requires each of the governmental agencies to provide information to the public on request if the request "reasonably describes" the record sought and is made in accordance with agency rules making requests.  5 U.S.C. § 552(a)(3).  The production requirement is subject to nine (9) exemptions; however, these exemptions apply to categories of information and are not defined so as to protect entire documents, per se.  *Va. Beach v. United States Dep't of Commerce*, 995 F.2d 1247, 1253 (4th Cir. 1993).

Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portion which is exempt from this subsection. 5 U.S.C. § 552(a)(3).  The United States District Courts are given jurisdiction to enjoin the agencies from "withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B).

The adequacy of an agency's search for documents in response to a FOIA request is judged by a standard of reasonableness.  *Freeman v. United States Dep't of Justice*, 808 F.2d 834 (4th Cir. 1986). To meet this burden of demonstrating the adequacy of its search, the agency may

6

rely on "reasonably detailed, nonconclusory affidavits and declarations submitted in good faith." *Freeman* at *2.

III.   ARGUMENT

    A.  Defendant has failed to produce Plaintiffs' case history

In the current FOIA request, Plaintiffs requested the full administrative file developed by the Revenue Agent, which included all records from the date of his assignment through the date of the submission of the FOIA request. Moreover, Plaintiffs requested that Defendant provide the entire case history as it relates to the examination of Plaintiffs.

During an examination, the IRS should maintain an activity record that is prepared contemporaneously with the action taken on the case and provides a complete case history. I.R.M. § 4.10.9.5(1) (Aug. 11, 2014).[1] Each record provides a brief summary of action taken and may reference other workpapers for more detail. I.R.M. § 4.10.9.5(2) (Aug. 11, 2014). These entries should be written factually and professionally, omitting personal opinions. *Id.* The entries include the date, location, time charged, and an explanation of each activity or contact, including but not limited to the work performed, research activities, summaries of telephone conversations, and dates the case was closed. I.R.M. § 4.10.9.5(4) (Aug. 11, 2014).

In response to Plaintiffs' FOIA request, Defendant failed to produce the majority of the activity record. Given the extent of the IRS examination of Plaintiffs' income tax returns and the long-standing IRS protocol to maintain a case history for an examination matter such as the one in question, the case history almost certainly exists. Defendant's current position is that all responsive documents have been provided. Except for an insignificant portion of the case history for 2010, no production has been made for tax years 2006 through 2013. Therefore, no

---

[1] The Internal Revenue Manual is an official compendium of internal guidelines for personnel of the United States Internal Revenue Service.

7

exemptions have been claimed. Moreover, it is unlikely that the information being requested would be subject to any of the nine (9) exemptions, as it merely provides a chronological narrative of Plaintiffs' examination files.

As Defendant's position that the activity record does not exist is unreasonable and unjustifiable, Plaintiffs request that Defendant be compelled to provide the case history.

B. <u>Defendant has failed to produce the attachments referenced in the electronic correspondence</u>

On March 2, 2017, Defendant produced eight hundred seventy-two pages (872) of responsive electronic correspondence. Many of the emails included responsive attachments and facsimiles, which were not included with the document production. Defendant has not offered any justification or stated applicable exemptions for the failure to produce the responsive records.

As Defendant's production is incomplete on its face, Plaintiffs request that Defendant produce the requested responsive attachments.

C. <u>Defendant has failed to produce responsive electronic correspondence</u>

Defendant has examined Plaintiffs' income tax returns for tax years 2006 through 2013. During that period of time, Plaintiffs have received information from Defendant. During our review of the records provided prior to the FOIA action, Plaintiffs' counsel has identified responsive electronic correspondence that was not included in the production. A copy of an email chain had been provided to Defendant's counsel.

Since Defendant has taken the position that all responsive documents have been provided, Plaintiffs request that Defendant be compelled to conduct a more inclusive search for responsive documents.

D. <u>Defendant has failed to produce documents concerning penalty determinations</u>

> Consideration of penalties must be documented in all audits . . . . The applicability of penalties should be considered during the audit and, if warranted, developed as the audit progresses. Only after all facts and circumstances surrounding an audit have been developed can a determination be made as to the application of appropriate penalties.

I.R.M. § 4.10.9.7.8(1) (Aug. 11, 2014). When an audit results in a deficiency, the assertion of penalties must be documented on Lead Sheet 300-1. I.R.M. § 4.10.9.7.8(3) (Aug. 11, 2014). "Canned statements are not sufficient." *Id.* Prior to the assertion of a penalty, the group manager must perform a meaningful review of the penalty determination and must grant written approval. I.R.M. § 4.10.9.7.8.2 (Aug. 11, 2014). If civil fraud penalty is pursued and developed, the examiner must use Lead Sheet 205, which documents facts, law, and analysis. I.R.M. § 4.10.9.7.9 (Aug. 11, 2014).

Plaintiffs' FOIA request sought any records relating to any civil and/or criminal fraud investigation or assessment and any records relating to any accuracy-related penalty determination or assessments. For each year in question, Defendant has assessed either civil fraud penalties and/or accuracy related penalties. Even though penalties have been assessed, Defendant has only produced records relating to the 2010 penalty assessment.

Pursuant to the electronic correspondence provided, Defendant has prepared multiple reports, which appear to be responsive to the FOIA request, such as Forms 11661 and Form 2797. Defendant must produce the responsive requested reports, or portions thereof, that are not subject to any exemptions. Moreover, the disclosure should indicate the timing of these reports. Since Defendant has taken the position that all responsive documents have been provided, Plaintiffs request that Defendant be compelled to produce all documents related to the assessment of penalties and civil and/or criminal fraud investigations and assessments.

E. <u>Defendant has failed to adequately produce segregable information</u>

Defendant has failed to produce a significant portion of the information being requested. In the initial document production, Defendant produced many of the documents provided by Plaintiffs during the examination. Additionally, Defendant provided reports that were provided at the conclusion of the examination. However, Defendant failed to address the specifically enumerated items in the Complaint.

Of the electronic correspondence documents that have recently been provided, one hundred and three pages (103) are fully redacted without providing any identifying information such as description, sender, recipients, etc. An additional one hundred (100) pages were redacted from the initial production that do not include any identifiable description. However, it appears most of those documents are related to Regency Furniture of Laurel, Inc., which are not relevant to this Motion for Summary Judgment.

In respect to the fully exempt documents, Defendant is withholding documents from Plaintiffs in their entirety and has made no attempt whatsoever to segregate exempt information from non-exempt information. As significant portions of the requested information have not been produced, we request that adequate information, which will allow Plaintiffs to determine whether the exemption was properly claimed, be provided for the exempt information.

F. <u>Defendant has attempted to use exemptions to conceal unprofessional conduct</u>

Per the electronic correspondence received, Defendant attempted to claim exemptions for derogatory statements against Plaintiffs, Plaintiffs' representatives, and other groups. We find no legitimate purpose for the exemptions except that it indicates unprofessional conduct.

As Defendant has made multiple attempts to withhold producible information, we find this motion for summary judgment necessary to protect Plaintiffs' rights.

IV. <u>VAUGHN INDEX</u>

In order to determine if the documents being withheld are exempt, Defendant should be ordered to provide a Vaughn Index. A Vaughn Index "is a list which describes each document withheld by an agency with sufficiently detailed information to enable a district court to rule whether it falls within an exemption provided by FOIA." *Ethyl Corp. v. United States Envtl. Prot. Agency*, 25 F.3d 1241, 1244 (4th Cir. 1994).

Defendant has redacted full pages without providing any document information and claiming it falls under an exemption. An adequate Vaughn Index is necessary to enable Plaintiffs and this Court to obtain a clear explanation of why each document, or a portion of a document, is withheld and exempt from disclosure.

Plaintiffs request that Defendant provide a Vaughn Index for withheld items that includes, but is not limited to, the following information: document type, date of the document, purpose, creator and recipient of the document, a general description of the information being withheld, exemption being used, and why the information fell under the exemption claimed.

V. <u>CONCLUSION</u>

Accordingly, Plaintiffs' Motion for Summary Judgment should be granted, and the Court should order Defendant to perform an adequate and complete search and disclose all responsive records and a Vaughn Index for any information which an exemption is claimed.

Respectfully submitted by,

/s/ Vadim D. Ronzhes
Vadim D. Ronzhes, Bar No. 19500
KELLY | DORSEY, P.C.
10320 Little Patuxent Parkway, Suite 608
Columbia, MD  21044
(410) 740-8750

*Attorney for Plaintiffs*

Dated: March 15, 2017