IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ABELRAHMAN & SARA         *
AYYAD,
                                   *

       Plaintiffs,
                                   *

       v.                                                Civil Action No. PX 16-3032
                                   *

INTERNAL REVENUE
SERVICE                               *

       Defendant.                       *
                                  ******

## MEMORANDUM OPINION

Pending before the Court in this Freedom of Information Act ("FOIA") case are cross-motions for summary judgment filed by Plaintiff Abdelrahman and Sara Ayyad ("Plaintiffs"), ECF No. 18, and Defendant Internal Revenue Service ("the IRS"), ECF No. 25.  The issues are fully briefed and a hearing was held on February 1, 2018.  For the reasons explained below, the Court GRANTS in part and DENIES in part Plaintiffs' motion, and GRANTS in part and DENIES in part the IRS's Motion.

### I.      BACKGROUND

The following facts are undisputed.  Since 2006, Plaintiffs have been the subject of the Internal Revenue Service ("the IRS") examinations regarding their federal income tax returns for tax years 2006 through 2012.  ECF No. 1.  On March 9, 2016, Plaintiffs each filed FOIA requests, seeking the production of agency records including, but not limited to, the following:

- The full administrative file developed by Kenneth Feldman, an IRS Revenue Agent in Baltimore, Maryland office, from the date of his assignment through the date of the submission of the FOIA request;

1

- All records including, but not limited to, the examination, assessment, and appeals with respect to plaintiffs' income tax returns during the period of Mr. Feldman's assignment to plaintiffs' case;
- All written correspondence, electronic or otherwise, among Agent Feldman, Bisamber Misir, Quinton J. Ferguson, Larry Timms, and any other IRS employee relating to the examination of plaintiffs' account;
- Any records relating to any civil and/or criminal fraud investigation or assessments, including any correspondence from or to a fraud technical advisor any IRS employee engaged in a similar role as a fraud technical advisor, or any other IRS employees or agents engaged in the investigation and/or assessment of fraud. This request included, but was not limited to: Form 11661, Fraud Development Stats; Form 2797, Referral Report of Potential Criminal Fraud Cases; and/or any other forms prepared and/or filed in furtherance of a civil and/or criminal fraud investigation or assessment, and any records relating to the preparation and filing of those forms;
- The entire case history for all examinations for tax period 2006 through 2013;
- Any records relating to any accuracy-related penalty determinations or assessments;
- Any records relating to the preparation and filing of the statutory notice of deficiency dated November 30, 2012 issued by the IRS Richmond Office for tax period 2009;
- The identification of any official(S0 having control of any records being requested; and
- The administrative appeals file for atax years 2006 through 2009 was specifically not requested.

ECF No. 1 at ¶ 7.

IRS Disclosure Specialist Jennifer J. Perez received and processed the requests on March 10, 2016. *See* Decl. of Jennifer J. Perez ("Perez Decl."), ECF No. 25-4 at ¶¶ 1, 4. Perez determined that the responsive records were likely located in Plaintiffs' IRS examination files which consists of relevant physical notes and records as well as an electronic file maintained in the agency's "Services' Information management System" ("IMS"). Decl. of Kenneth N. Feldman ("Fedlman Decl."), ECF No. 25-2 at ¶ 4.

On April 12, the IRS notified the Ayyads that it would process their FOIA requests as a single request because the Ayyads are married and their FOIA requests almost identical. ECF No. 1 at ¶ 25. Six days later, Perez informed Plaintiffs that the Service located 2,885 pages of responsive records and would provide them in "PDF" format. *Id.* at ¶ 12, Ex. B. Of these 2,885

responsive records, the agency redacted 21 pages and withheld 120 pages under claimed FOIA exemptions.  *Id.*  Plaintiffs requested that the IRS produce a *Vaughn* Index,[1] which the IRS did not do.  *Id.* at ¶ 14.  Plaintiffs filed an administrative appeal on June 14, 2016, again requesting a *Vaughn* index from the IRS.  The IRS denied the Ayyads' request on June 22, 2016.  ECF No. 1at ¶ 19; *see also* ECF No. 1-2 at 42–44.

On August 31, 2016, after exhausting all administrative remedies, Plaintiffs filed suit under 5 U.S.C. § 552, alleging that the IRS unlawfully withheld responsive agency records to which Plaintiffs are entitled.  ECF No. 1.  Plaintiffs again requested that the Court order the IRS to produce a *Vaughn* Index of all responsive records withheld under claim of exemption.  *Id.* at 9.

On November 8, 2016, months after Plaintiffs' FOIA action was filed in this Court, IRS determined that they had not performed an adequate search in response to Plaintiffs' request for "all written correspondence, electronic or otherwise, among Agent Feldman, Mr. Bisamber Misir, Mr. Quinton J. Ferguson, Mr. Larry Timms, and any other IRS employee relating to the examination of plaintiffs' account."  ECF No. 25-1 at ¶ 4; *see also* Decl. of William E. Rowe ("Rowe Decl."), ECF No. 28-1 at ¶¶ 18–19.  IRS instructed Agent Feldman to provide all electronic correspondence related to Plaintiffs' examinations.  *Id.* at ¶¶ 21–22; Feldman Decl., ECF No. 25-2 at ¶ 6.  Agent Feldman located 872 additional pages of responsive electronic correspondence, of which the IRS redacted 176 pages and withheld 27 pages, claiming various FOIA exemptions.  Rowe Decl, ECF No. 28-1 at ¶ 25.  These emails were provided to Plaintiff s

---

[1] Defendants in FOIA litigation often produce *Vaughn* Index to satisfy their evidentiary burden.  A *Vaughn* Index is a "meticulous and specific documentation of its claimed justification for nondisclosure." *Spannaus v. U.S. Dep't of Justice*, 813 F.3d 1285, 1287 n.3 (4th Cir. 1987) (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert denied,* 415 U.S. 977 (1984). "The list must include sufficiently detailed information to enable a district court to rule whether the document falls within a FOIA exemption." *Rein v. U.S. Patent and Trademark Office,* 553 F.3d 353, 357 n.6 (4th Cir. 2009).

on March 2, 2017 with the Bates range IRS 000001-000872 ("March 2 release").  *See* 25-1 at 5. The IRS did not provide a *Vaughn* Index.

After reviewing the March 2 release, Plaintiffs' counsel noted that email correspondence between Agent Feldman and Bisamber Misir regarding Plaintiffs' tax returns, on which Plaintiff's counsel was originally copied, was missing from the IRS's disclosures.  ECF No. 18-1.  Plaintiff's counsel contacted the IRS regarding these missing emails on March 8, 2017.  ECF No. 18-1 at 4.  The IRS then conducted yet another search of Agent Feldman's Outlook inbox and enlisted several information technology specialists to determine why the emails were not produced by the initial search.  Feldman Decl., ECF No. 25-2 at ¶¶10–17.  After a month of investigation, the IRS was unable to ascertain why the referenced email was not included in Agent Feldman's search results and the investigation was closed.  *Id.*  The IRS released the missing emails to Plaintiff on May 31, 2017 with Bates range IRS001080–81.  ECF No. 25-1 at 5–6.  The IRS did not conduct further review of Agent Feldman's inbox or conduct searches of other email inboxes.  ECF No. 25-1; Rowe Decl., ECF No. 28-1 at ¶ 45.

In addition to the missing electronic correspondence, Plaintiffs' counsel also informed the IRS that the March 2 release did not include the emails' respective attachments.  ECF No. 18-1 at 3–4.  On March 17, 2017, Plaintiff moved for summary judgment in their favor and renewed their request for a *Vaughn* Index.  ECF No. 18.

On April 25, 2017, the Court issued an order requiring the IRS to release all remaining responsive, non-exempt records to Plaintiff by May 31, 2017.  ECF No. 24.  The IRS thereafter located *6,568 additional pages* of potentially responsive attachments not previously identified, more than a year after Plaintiffs' FOIA request and months of ongoing litigation.  Within this newfound document trove, the IRS redacted 412 pages and withheld 3,474 pages.  ECF No. 25-1

at 5; Feldman Decl., ECF No. 25-2 at ¶¶18–19; Rowe Decl., ECF No. 28-1 at ¶¶ 46–50. These

responsive documents were provided – again without a *Vaughn* Index – to Plaintiffs on May 31,

2017, with the Bates range 000001-0006568. ECF No. 25-1 at 5–6. The IRS then filed its cross-

motion for summary judgment, arguing that it has now fully complied with FOIA in releasing

responsive documents and that the agency adequately claimed FOIA related exemptions for

withheld and redacted documents. *Id.* at 7. In support, the IRS submitted affidavits with broad

descriptions of the covered documents, but it did not submit a *Vaughn* Index. *See, e.g.,* ECF

Nos. 18-1 at 11 & 25-1 at 6.

## II. Standard of Review

Congress enacted FOIA to promote government transparency and "permit access to

official information long shielded unnecessarily from public view." *Milner v. Dep't of Navy*, 562

U.S. 562, 565 (2011) (quoting *EPA v. Mink*, 410 U.S. 73, 79 (1973)); 5 U.S.C. § 552. FOIA is

"a means for citizens to know 'what their Government is up to.' This phrase should not be

dismissed as a convenient formalism. It defines a structural necessity in a real democracy." *Nat'l*

*Archives & Records Admin. v. Favish*, 541 U.S. 157, 171–72 (2004) (internal quotations and

citations omitted).

This strong interest in transparency, however, must be balanced against the "legitimate

governmental and private interests [that] could be harmed by release of certain types of

information." *United Techs. Corp. v. U.S. Dep't of Defense*, 601 F.3d 557, 559 (D.C. Cir. 2010).

To that end, Congress established nine FOIA exemptions under which agencies may withhold

information from disclosure. 5 U.S.C. § 552 (b). "These exemptions are explicitly made

exclusive, and must be narrowly construed." *Milner*, 562 U.S. at 565 (internal quotations and

citations omitted); *see also Jones v. Murphy*, 256 F.R.D. 510, 514 (D. Md. 2008) (noting that

"[i]t is the responsibility of the Court to construe the privilege strictly and allow protection of documents only if specific requirements are met.") (internal citations omitted).

An agency's decision to withhold records under a FOIA exemption is not entitled to deference, and the Court must conduct a *de novo* review of the administrative record with a strong presumption in favor of disclosure. 5 U.S.C. § 552(a)(4)B); *Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). FOIA's segregation requirement also requires the agency to provide "any reasonably segregable portion of a record" after it has redacted the exempt portions. 5 U.S.C. §552(b). The Government bears the burden of providing that documents withheld in full are not "reasonably segregable." *Id.*; *see also Williamette Indus., Inc. v. United States*, 689 F.2d 865, 868 (9th Cir. 1982), *cert denied*, 460 U.S. 1052 (1983).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hill v. Lockheed Martin Logistics Mgmt., Inc*., 354 F.3d 277, 283 (4th Cir.2004) (en banc) (internal quotation marks omitted). As a general rule, FOIA determinations should be resolved on summary judgment. *Hanson v. U.S. Agency for Intern. Dev.*, 372 F.3d 286, 290 (4th Cir. 2004).

### III. Analysis

The Ayyads, in short, argue that summary judgment should be granted in their favor because the IRS has failed to demonstrate that it performed a reasonable search and has not established that exemptions apply to withheld or redacted documents. The IRS, by contrast, argues that summary judgment is appropriate in its favor because the record evidence indisputably demonstrates adequate search and appropriate claimed exemptions. At summary

judgment in a FOIA case, the Court reviews the record evidence to determine: (1) the reasonableness of its search for responsive records, and (2) that any redacted or withheld records fall under one of FOIA's disclosure exemptions. *Rein v. U.S. Patent & Trademark Office*, 553 F.3d 353, 362 (4th Cir. 2009). The Court addresses each element of this inquiry in turn.

### 1. Adequacy of the Government's Search

As to the claimed adequacy of the search, the agency must show that it has "conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. DOJ*, 705 F.2d 1344, 1451 (D. C. Cir. 1983). In deciding whether the government's search was reasonable, a court is to consider "not whether any further documents might conceivably exist but rather whether the government's search for responsive documents was adequate." *Perry v. Block*, 684 F.2d 121, 129 (D.C. Cir. 1982); *see also Ethyl Corp. v. U.S. EPA*, 25 F.3d 1241, 1246 (4th Cir. 1994). Thus, the adequacy of the search is determined "not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003). "FOIA does not require a perfect search, only a reasonable one." *Rein v. U.S. Patent & Trademark Office*, 553 F.3d 353, 362 (4th Cir. 2009) (citing *Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986).

Adequacy of a search does not require "meticulous documentation" of "an epic search for the requested records," but must be demonstrated through "affidavits that explain in reasonable detail the scope and method of the search conducted by the agency." *Perry*, 684 F.3d at 127; *see also Weisberg*, 627 F.2d at 371 (agency affidavits that "do not denote which files were searched, or by whom, do not reflect any systematic approach to document location, and do not provide information specific enough to enable [the requester] to challenge the procedures utilized" are insufficient to support summary judgment). An affidavit is "reasonably detailed" if it "set[s]

forth the search items and the type of search performed . . . averring that all files likely to contain responsive materials (if such records exist) were searched." *Ethyl Corp*, 25 F.3d at 1247.

On summary judgment, for the plaintiffs to demonstrate the inadequacy of a FOIA search, they must "identify specific deficiencies in the agency's response" that contradict the adequacy of the search or suggest bad faith. *CareToLive v. FDA*, 631 F.3d 336, 341–42 (6th Cir. 2011); *see also Heily v. U.S. Dep't of Commerce*, 69 F. App'x 171, 173 (4th Cir. 2003). Here, Plaintiffs posit the following deficiencies: (1) Defendant's failure to search outside Agent Feldman's email for responsive electronic communications; (2) the absence of case history for tax years 2006–2009 and 2011–2013; (3) Plaintiff's unrebuttable evidence that at least five responsive emails were not included in the March 2 release; and (4) the disclosure's lack of Forms 11661 and 2727, which were explicitly requested by Plaintiffs. *See* ECF No. 18-1.

With respect to the IRS' focusing its search through Agent Feldman, this Court finds the search adequate, albeit troubling for different reasons. ECF No. 18-1 at 4. This Court is guided by the United States Court of Appeals for the Fourth Circuit's decision in *Rein v. U.S. Patent & Trademark* Office, 553 F.3d 353 (4th Cir. 2009). There, plaintiffs argued the inadequacy of an agency search for failing to search all requested employees for responsive material and the absence of several emails discovered in a parallel FOIA suit against a different agency. *See Rein*, 553 F.3d at 364–65. The Fourth Circuit determined that the agency's search was reasonable, noting that "FOIA does not require the Agenc[y] to search every employee so long as the searches are 'reasonably calculated to discover responsive materials,' " and that the plaintiffs "failed to raise substantial doubt as to the adequacy of the Agencies' searches, which were targeted to the specific individuals and units they believed would likely possess documents responsive to [plaintiffs'] request." *Id.* at 365 (citing *Ethyl Corp.*, 25 F.3d at 1246–47).

The IRS offers reasonably detailed affidavits as to the search conducted by the assigned government information specialist, Jennifer Perez, case agent Feldman, and the attorneys overseeing this case, Mark Cottrell and William Rowe.  *See* Feldman Decl, ECF No. 25-2,  Decl. of  Mark  E. Cottrell ("Cottrell Decl."), ECF No. 25-3, Perez Decl. at ECF No. 25-4, & Rowe Decl, at ECF No. 28-1; *see Wickwire Gavin, P.C. v. Defense Intelligence Agency*, 330 F. Supp. 2d 592, 597–98 (E.D. Va. 2004) (rejecting an affidavit that described the search in inappropriately vague and conclusory terms).  Regarding the decision to only search Agent Feldman's email account, Mr. Rowe avers that because Agent Feldman is the "sole" revenue agent assigned to Plaintiffs' tax examination, Feldman would "typically" have been a sender, recipient, or copied on all Ayyad-related correspondence "due to the centrality of his role in relation to the examination."  Rowe Decl, ECF No. 28-1 at ¶ 21; *see also* Feldman Decl, ECF No. 25-2 at ¶ 5 (Agent Feldman stating that he was "the recipient of, the sender of, or . . . copied on all correspondence between IRS employees regarding the examination.").  Agent Feldman further describes in sufficient detail his search of his email account for responsive emails.  *See* Feldman Decl, ECF No. 25-2 at ¶ 7.  Feldman further establishes that he engaged in good-faith due diligence to ascertain why the missing emails were not included in the initial search.  *Id.* at ¶¶  9–17.  Accordingly, the searches at this stage were reasonable.  *Accord Rein v. U.S. Patent & Trademark Office*, 553 F.3d 353, 364 (4th Cir. 2009).  Plaintiffs' accusations are insufficient to defeat this showing.  *Id.*

Understandably, the Ayyads take issue with Agent Feldman's post-suit "discovery" of over 7,000 additional responsive documents not previously identified during the administrative searches.  *See* Rowe Decl., ECF No. 28-1 at ¶¶ 23 & 50.  The Court shares the Ayyads concerns.  It simply strains credulity that in this electronic age, a reasonably well-trained agent designated

as the IRS' "disclosure" designee would somehow fail to request emails and attachments from the "sole" revenue agent assigned to the Ayyad's case. But that appears to be what happened here. *Compare* Perez Decl., ECF No. 25-4 at ¶¶ 11–13 *with* Rowe Decl., ECF No. 28-1 at ¶ 21; *see also* Rowe Decl., ECF No. 28-1 at ¶¶ 20. Nor does it make much sense that Agent Feldman, once consulted, would initially fail to turn over *thousands of pages* in email attachments. That said, the IRS has continued to search and disclose documents in an effort to comply with FOIA. *See Rein*, 553 F.3d at 364; *see also ViroPharma Inc. v. HHS*, Case No. PLF-08-2189, 2012 WL 892926 (D.D.C. Mar. 16, 2012) ("The continuing discovery and release of documents . . . shows good faith on the part of the agency.").

The Court also notes that on the IRS's proffered record, it is almost impossible to determine the significance of the remaining claimed deficiencies in the IRS production. This is because, as more fully explained below, the Court cannot ascertain whether any of the "missing" documents to which the Ayyads point are part of the withheld records under claimed exemptions. The Court suspects this may be the case. Accordingly, the Court will deny summary judgment on the claimed inadequacy of the IRS' search, subject to reconsideration upon *in camera* review of the withheld documents.

### 2. Government's Claim to FOIA Exemptions 3, 5, 6, 7A, and 7E

Although FOIA presumptively requires government agencies to disclose information to the public upon request, 5 U.S.C. § 552(a)(3), nine specific exemptions permit withholding for "categories of *information*, and are not defined so as to protect entire documents, *per se*." *Ethyl Corp. v. EPA*, 25 F.3d 1241, 1245 (4th Cir. 1994) (citing *City of Virginia Beach v. U.S. Dep't of Commerce*, 995 F.2d 1247, 1253 (4th Cir. 1993)) (emphasis in original). To claim an exemption, Defendant must "provide a reasonably detailed justification [for the non-disclosure] rather than

conclusory statements to support its claim that the non-exempt material in a document is not reasonably segregable." *Schoenman v. FEBI*, 763 F. Supp. 2d 173, 202 (D. D. C. 2011). "An agency cannot meet its statutory burden of justification by conclusory allegations of possible harm. It must show by specific and detailed proof that disclosure would defeat, rather than further, the purposes of the FOIA." *Mea Data Cent., Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 258 (D.C. Cir. 1977). "Conclusory language in agency declarations that does not provide a specific basis for segregability findings by a district court may be found inadequate." *Judicial Watch v. Dep't of Treasury*, 796 F. Supp. 2d 13, 29 (D.D.C. 2011). United States District Courts have jurisdiction to enjoin agencies from "withholding Agency records and to order the production of any Agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B). Moreover, when withholding a responsive record pursuant to enumerated exemptions, the Government must redact the portions that are exempt and "reasonably segregable," and disclose the remainder. 5 U.S.C. § 552(b). Against this legal backdrop, the Court addresses each of the IRS's claimed categories of exemptions.

### a. Exemption 5 Claims

Exemption 5 permits an agency to "withhold inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than a party in litigation with the agency," and encompasses attorney work product doctrine and the deliberative process and attorney-client privileges. *Rein v. U.S. Patent & Trademark Office*, 553 F.3d 353, 365–66 (4th Cir. 2009) (citing § 552(b)(5)). "The Agencies bear the burden of providing sufficient factual information as to the document's nature or content from which the district court can independently assess the applicability of the claimed exemption." *Id.*, 553 F.3d at 370; *see also City of Virginia Beach, Va. v. U.S. Dep't of Commerce*, 995 F.2d 1247, 1253–54 (4th Cir. 1993)

("[T]he burden is on the agency to correlate, with reasonable specificity, materials within a document with applicable exemptions."); *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 861 (D.C. Cir. 1980) ("[C]onclusory assertions of privilege will not suffice to carry the Government's burden of proof in defending FOIA cases."); *Mead Data Cent., Inc.,* 566 F.2d at 251 ("[W]hen an agency seeks to withhold information[,] it must provide a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply."). The Government cannot meet its burden by " 'articulat[ing] the Exemption 5 privilege in general terms, using FOIA language, and coupl[ing] the statement of privilege for each document with a general description of each document.' " *Rein*, 553 F.3d at 368 (quoting *Ethyl Corp. v. U.S. EPA*, 25 F.3d 1241, 1249 (4th Cir. 1994).

The IRS identifies scores of records for which it asserts Exemption 5 withholding, but provides few details on which this Court can assess the validity of the claimed exemption. For example, in the affidavits supporting the IRS' motion, it identifies records by Bates number[2] followed by a vague and non-specific description that reads:

> "Emails between Revenue Agents and Counsel that discuss advice regarding: (1) the strategy and direction of plaintiffs' examination; (2) the scope of plaintiffs' examination; (3) the examinations or legal proceedings of third-part taxpayers; or (4) how the revenue laws should be applied to the facts in plaintiffs' examination. Also, some of the listed records are email messages between Revenue Agents that reveal legal advice from Counsel or otherwise reference the seeking of advice from Counsel."

---

[2] Specifically, Defendant claims attorney-client privilege over the following Bates numbers with prefix "IRS": 35, 81, 82, 84, 87, 113, 122, 143, 144, 146, 151–52, 158, 248–54, 263–65, 275–78, 345, 352, 353, 355, 356, 358, 359, 467, 470, 472, 537, 538, 539, 540, 541, 542, 543, 544, 545, 546, 547, 548, 549, 550–51, 576, 578, 581, 583–84, 588, 590–92, 595, 596, 598, 599, 603–06, 610–11, 624–25, 630, 631–32, 696–98, 700–01, 703, 722, 858–60, 868–71. ECF No. 28-1 at ¶ 35(a).

ECF No. 28-1 at ¶ 35(a).  The IRS also asserts attorney-client privilege over a number of documents[3] broadly described as "Memorandums and other documents" in a similar chart.  *See* Rowe Decl., ECF No. 28-1 at ¶54(a); *see also id.* at ¶ 17 (describing the documents as "intra-agency memorandum from Counsel to Revenue Agents that advises on the scope and direction of [p]laintiff's examination"); ECF Nos. 25-1 at 13–14 (broadly describing the content of the documents for which attorney-client privilege is claimed).  By failing to identify the subject, recipient or sender, date, or otherwise include any detail as to each allegedly exempted document, the IRS denies the Court any meaningful opportunity to assess whether "attorney-client" privilege applies to the claimed documents.  *Rein*, 553 F.3d at 369.

Similarly, the IRS offers a blanket description for a long list of documents or portions of documents[4] claimed exempt under the deliberative process privilege.  *See* ECF No. 28-1 at  ¶¶ 33(a), 53(a).  To be exempt under deliberative process, the Court must determine that the record is both "pre-decisional" and "deliberative."  *Rein*, 553 F.3d at 370; *see also Ethyl Corp*, 25 F.2d at 1248–49.  An agency's conclusory averments that "[a]ll of the withheld records listed in the table below are both deliberative and pre-decisional" are unhelpful.  ECF No. 28-1 at ¶¶ 32–33 (stating that "[t]he withheld pages contain communications and memoranda" and "are deliberative because they discuss or propose options for reaching the proper enforcement

---

[3] Defendant claims attorney-client privilege over the following Bates numbers with prefix "Attachment": 57–59; 3,499–3,500; 3,508–14; 3,735–54; 3,911–14; 4,685–89; 6,050; 6,055–57.

[4] Defendant claims deliberative process privilege over information contained in the following Bates numbers:
1. Prefix "IRS": 17–47; 51–52; 54–56,58–61,65–68,81–82, 83, 84, 85,87–88,91–107,  113; 117; 122; 133–34; 140; 141; 143–44; 146–48; 151–52; 158; 160; 185; 216–20; 222–23; 225–26; 228; 230-31; 233; 235; 237; 248–54; 263–65; 269; 294; 313–15; 345; 350; 352–53; 355–56; 358–59; 383–86; 388; 390–91; 393–95; 400; 402; 404; 406;455; 463–73; 527; 534–35; 537–51; 578; 581–96; 598–611; 624–25; 630–32; 635–91; 693–94; 696–713; 715–20; 722; 738; 748–50; 752–54; 756–57; 759; 761; 763–64; 766; 768; 770; 775; 783–84; 786–87; 789; 793; 795–96; 840; 854–55; 858–60; 864; 868–69; 871–72.
2. Prefix "Attachment": 57–59; 178; 208-243; 244-378; 692–93; 840–41; 1,872–2,042; 2,057–2,199; 2,563–66; 2,701–02; 2,754–61; 3,070; 3,084–3,253; 3,499–3,521; 3,735–54; 3,756; 3,907; 3,911–14; 3,996–97; 4,156–57; 4,271–4,441; 4,458–81; 4,685–89; 4,694; 4,808–10; 5,325; 5,699–5,869; 5,878–6,048; 6,050; 6,055–57; 6,062–6,232; 6,422–6,564.

Rowe Decl, ECF No. 28-1 at ¶¶ 33(a) and 53(a).

determinations, or provide suggested revisions, legal analysis, and other comments on the language of the draft document requests, communications with the taxpayer, and various intra-agency communications involved in the examination."); *see also* ECF No. 28-1 at ¶ 53(a). As the Fourth Circuit in *Ethyl Corp* and *Rein* reasoned, an agency's "merely asserting their conclusion that the document is exempt, employing general language" handicaps the Court's ability to "independently assess the asserted privilege." *Rein v. U.S. Patent and Trademark Office*, 553 F.3d 353, 369 (4th Cir. 2009) (citing *Ethyl Corporation v. U.S. EPA*, 25 F.3d 1241, 1250 (4th Cir. 1994)). The Court is "entirely dependent upon [the agency's] assertions that the documents [a]re appropriately withheld." *Rein*, 553 F.3d at 369. This is not the oversight mandated by Congress under FOIA, and "to find such superficial entries to be sufficient would permit [the agency] to evade judicial review." *Id.*

The IRS fares somewhat better in establishing that work-product doctrine protects a number of documents from FOIA disclosure. "To be considered attorney work product, a document must have been 'prepared by an attorney in contemplation of litigation which sets forth the attorney's theory of his case and his litigation strategy.' " *Hanson v. U.S. Agency for Intern. Dev.*, 372 F.3d 286, 292–93 (4th Cir. 2004) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975). The work product exemption includes factual information prepared by an attorney in anticipation of litigation. *Id.* The agency sufficiently pleads the applicability of Exemption 5 to memoranda and motions identified by the Rowe Declaration as drafts prepared in anticipation of litigation. ECF No. 28-1 at ¶ 55.[5] The remaining documents withheld as "work-product"[6] have once again been summarily described as "emails between

[5] This applies to Bates numbers, prefix "Attachment": 2,563–2,566; 3,735–54; 3,911–14; 4,685–89. *See* Rowe Decl., ECF No. 28-1 at ¶ 55(a).
[6] Defendant claims work-product doctrine over the following Bates numbers as "emails": prefix "IRS": 248–54, 275–78, and 537–51, 783–84; 786–87, and 858–60. *See* Rowe Decl., ECF No. 28-1 at ¶¶ 37(a).

Revenue Agents and Counsel regarding the legal proceedings of third-party taxpayers, such as discussions about the preparation of declarations, the status of the case, or case strategy, and emails between Revenue Agents and Counsel regarding litigation hold procedures."  ECF No. 28-1 at ¶ 37(a).  In sum, the IRS's affidavit is largely inadequate to support its request for summary judgment in its favor as to Exemption 5.

### 3.  Exemptions 6 & 7(C)  Claims

Exemption 6 allows withholding personnel and "similar files" where disclosure would constitute a clearly unwarranted invasion of privacy.  5 U.S.C. § 552(b)(6); *see Dep't of State v. Wash. Post Co.*, 456 U.S. 595 (1982).  "Similar files" is interpreted broadly to include any information that "applies to a particular person."  *Wash. Post. Co.*, 456 U.S. at 602.  Likewise, Exemption 7(C) authorizes the withholding of information compiled for law enforcement purposes, the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy.  5 U.S.C. § 552(b)(7)(C).  Courts determining the propriety of withholding under Exemptions 6 and 7(C) must balance the public interest in disclosure against the privacy interests of the individual identified in the withheld files.  *See DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 762 (1989); *Havemann v. Colvin*, 537 F.3d 142 (4th Cir. 2013).  Under these exceptions, certain documents may be withheld in their entirety, including individual time records.  *Berger v. IRS*, 288 F. App'x 829, 833 (holding that Exemption 6 justified withholding an individual tax agent's records in their entirety because plaintiff's only interest was "in knowing how she investigated their particular case."); *accord Vosburgh v. IRS*, Case No. 93-1493, 1994 WL 564699 (finding that the agency was justified under Exemption 6 in redacting certain information from the time records, including the names

of third parties, time spent by the agent on third party investigations, and the agent's Social Security Number).

With regard to the IRS's claimed 6 and 7(C) exemptions, the Court does not disagree in principle that timekeeping reports, error code reports, and performance evaluations could be excludable to the extent that specific individual identifiers are included within the documents. *See Havemann*, 537 F.3d at 146–47; *Nat'l Ass'n of Retired Fed. Emp. v. Horner*, 879 F.2d 873, 878 (D.C. Cir. 1989). However, the IRS is not bestowed a blanket exemption for all personnel records. *See Dep't of Air Force v. Rose*, 425 U.S. 352, 371 (1976) (rejecting a blanket exemption for personnel and similar files). Where possible, the IRS must redact personal information from FOIA-requested documents "[t]o the extent required to prevent a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(a)(2). *See also* 5 U.S.C. § 552(b); *Reporters Comm. for Freedom of the Press,* 489 U.S. at 765–66. Here, the Court cannot ascertain whether the IRS withheld entire documents, and if so, on what specific basis. *See* Rowe Decl., ECF No. 28-1 at ¶¶ 14(a), 38(a) & 56(a).[7] Nor can the court ascertain from the evidence what efforts were taken to reasonably segregate non-protected material apart from the agents' generally affirming that such efforts were made. *See* ECF No. 28-1 at ¶¶ 13–14, 38 & 56. Accordingly, the IRS motion for summary judgment is denied as to Exemptions 6 and 7(C).

### 4. Exemption 3 Claims

Exemption 3 allows an agency to withhold matters that are "specifically exempted from disclosure by statute . . . , provided that such statute (A) requires that the matters be withheld

---

[7] The following documents are withheld in full of part under Exemptions 6 or 7(C) because of privacy concerns:
  1. Responsive 2272112: 402–407
  2. Prefix "IRS": 50; 110; 149–52; 154–55; 158–59; 256; 262; 268; 288; 349;  351;  355; 358–59; 476; 725
  3. Prefix "Attachment": 40–41; 177; 180; 392–94; 834–35; 2,360–62; 2,372; 3,024–26; 3,081; 3,981–84; 4,000–02; 4,482; 4,679; 4,680; 4,867–69; 4,872–73; 4,880–81; 4,884; 4,887; 4,889–90; 4,893–94; 4,896–4,900; 4,903; 4,905; 4,908; 5,132; 6,268–70
Rowe Decl., ECF No. 28-1 at ¶¶ 14(a), 38(a), 56(a).

from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." § 552(b)(3). Here, the IRS claims withholding under 26 U.S.C.A. §§ 6103(a), 6103(b) and 6103(e)(7). Generally, 26 U.S.C.A. § 6103 limits the disclosure of "[r]eturns and return information ... except as authorized by [Title 26]" to certain circumstances. The statute defines "return information" to include "a taxpayer's identity ... [and] whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing." *Id.* at § 6103(b)(2). Section 6103 is "a statute contemplated by FOIA Exemption 3." *Solers, Inc. v. Internal Revenue Service*, 827 F.3d 323, 331 (4th Cir. 2016) (citing *Tax Analysts v. IRS*, 410 F.3d 715, 717 (D.C. Cir. 2005)).

Section 6103(b)(2) exempts from disclosure "standards used or to be used for the selection of returns for examination, or data used or to be used for determining such standards, if the Secretary determines that such disclosure will seriously impair assessment, collection, or enforcement under the internal revenue laws." 26 U.S.C.A. § 6103(b)(2). The IRS withheld, either in full or in part, all documents identifying Discriminant Index Function (DIF) scores.[8] *See* Cottrell Decl, ECF No. 25-3 at ¶ 4–11. DIF methodology is used by the IRS to identify tax returns that "have a high probability of significant tax change if examined." *Id.* at ¶ 4. Disclosure of DIF scoring could "provide taxpayers with the opportunity to manipulate their DIF scores and possibly avoid examination by the Service." *Id.* at ¶ 6.

Plaintiffs do not contest the IRS' withholding of documents which include DIF scores. ECF No. 26-1 at 19. Therefore, summary judgment is granted as to those documents or portions

---

[8] The following documents are withheld under Exemption 3 in conjunction with 26 U.S.C. § 6103(b)(2):
   1. Responsive 2272111: 238–40
   2. Responsive 2272112: 243–45
   3. Prefix "Attachment": 3758, 5684

of documents related to § 6103(b)(2). However, the IRS's claimed third-party taxpayer return information is woefully under supported.[9] Although the Ayyads do not contest in principle that Exemption 3 would exclude third parties unrelated to Plaintiffs, *see* ECF No. 26-1 at 19, the IRS does not provide sufficient detail for the Court can determine whether the "third-parties" are in fact unrelated, or instead associated with Plaintiff's businesses and thus authorized for release. *See* ECF No. 26-1 at 19.

Finally, the IRS claims many documents[10] under 26 U.S.C.A. § 6103(e)(7), which prohibits disclosure in circumstances where "the Secretary determines that such disclosure would not seriously impair Federal tax administration." 26 U.S.C.A. § 6103(e)(7); Cottrell Decl, ECF No. 25-3 at ¶ 15. To meet its burden under FOIA, the IRS offers a list of responsive numbers, respectively described as "information recorded in the case activity notes," "transmittal forms and memorandum," "emails between Revenue Agents and/or attorneys," and "copies of forms and attachments." Cottrell Decl., ECF No. 25-3 at ¶ 15. Each category includes a broad swath of documents accompanied by a near-boilerplate recitation that disclosure would "reveal the nature, direction, scope and focus of the Revenue Agents' case." *Id.* No further detail is offered, and the Court cannot discern whether all documents are withheld in part or in full. *See id.* In short, the IRS support for the claimed assessments is once again insufficient. *See Rein v.*

---

[9] The following documents were withheld under Exemption 3 in conjunction with 26 U.S.C. § 6103(a) because they contain information about third-party taxpayers:
   1. Responsive-2272107: 1–14; 15–23; 25–30; 32–70; 72–75; 77–108
   2. Responsive-2272111: 95, 112
   3. Responsive-2272112: 37; 62; 68; 145; 152
Rowe Decl., ECF No. 28-1 at ¶ 12, 28, 52.

[10] Defendant claims withholding under Exemption 3 in conjunction with 26 U.S.C. § 6103(e)(7) over these documents:
   1. Responsive 2272112: 240, 245, 261, 370–74, 392–401
   2. Prefix "IRS": 17–47; 51–52; 54–56; 58–61; 65–68; 81–85; 87–88; 91_107; 112; 117; 122; 133–34; 140–41; 242; 263–65; 270; 313–14; 635–90; 693–94; 696–713; 715–20; 722; 790; 796; 853; 873–74.
   3. Prefix "Attachment": 208–378; 1,872–2,042; 2,057–2,199; 2,754–761; 3,084–3,253; 3,907; 4,156–4,157; 4,271–4,441; 4,458–4,481; 4,694; 5,699–869; 5,878–6,048; 6,050; 6,062–6,232; 6,422–6,564.

*U.S. Patent & Trademark Office*, 553 F.3d 363, 367–69 (4th Cir. 2009); *accord Pully v. IRS*, 939 F. Supp. 429, 435–36 (E.D. Va. 1996) (granting summary judgment under § 6103(e)(7) where the affidavit testimony grouped the documents into categories and described them as responses by financial institutions to summonses, public land records and federal bankruptcy files, third party interview notes, property transactions, and other agency's investigation notes); *Cujas v. IRS*, Case No. 97-741, 1998 WL 419999 at *3–*4 (M.D. N.C. Apr. 15, 1998) (granting summary judgment after reviewing the agency's *Vaughn* index and conducting *in camera* review).

### 5. Exemptions 7(A) and 7(E) Claims

Exemption 7(A) authorizes the withholding of "records or information compiled for law enforcement purposes, but only to the extent that production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). Exemption 7(E) exempts from disclosure "records or information compiled for law enforcement purposes . . . [which] would disclosure techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).

Unlike the other exemptions under FOIA, particularly is not a pre-requisite of subsection 7(A) or 7(E), and the agency may justify nondisclosure in a generic fashion. *Spannaus v. U.S. Dep't of Justice*, 813 F.2d 1285, 1288–89 (4th Cir. 1987) (citing *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 223–24 (1978)); *see also Gluckman v. U.S. Dep't of Labor*, Case No. 13-169, 2013 WL 6184957 at *5 (E.D. Va. Nov 26, 2013); *Blackwell v. FBI*, 646 F.3d 37, 42

(D.C. Cir. 2011). "Law enforcement purposes" includes both civil and criminal tax investigations. *See Tax Analysts v. IRS*, 294 F.3d 71, 77–78 (D.C. Cir. 2002).

However, the Court's deference to claimed 7(A) and 7(E) withholding is not limitless. While these exemptions typically encompass "investigative files detailing the facts gathered during the course of a government investigation," and internal investigative guidelines, they are not so broad as to include "pure legal analysis" or discussion of "pertinent statutory and case law." *Black & Decker Corp. v. United States*, Case No. WDQ-02-20170, 2004 WL 500847 at *3 (D. Md. Feb. 19, 2004) (citing *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 236 (1978) and *Tax Analysts*, 294 F.3d at 78–79). Further, the IRS must establish "a rational connection between the investigative activities and the agency's law enforcement duties," and that disclosure could "reasonably interfere with enforcement proceedings." *Black & Decker Corp.*, 2004 WL 500847 at *3 (quoting *Wichlacz v. U.S. Dep't of Interior*, 938 F. Supp. 325, 351 (E.D. Va. 1996). Affidavits should "categorize[] the kinds of documents at issue" and "specifically identif[y] the type of information they contain and the harms their release could have in pending proceedings." *Spannaus*, 813 F.3d at 1289 (affirming summary judgment where the government made a blanket claim of exemption as to three different files); *see also Willard v. IRS*, 776 F.2d 100, 101–05 (4th Cir. 1985) (affirming summary judgment where plaintiffs sought special agent's interview notes in a joint civil and criminal tax investigation and the defendants submitted statements that disclosure would prematurely reveal evidence, the names of witnesses and potential witnesses, and the nature, direction, and scope of the government's case); *Di Montenegro v. FBI*, Case No. JCC-16-1400, 2017 WL 2692613 at *7 (E.D. Va. June 22, 2017) (finding that defendant met its burden where it subdivided the withholdings into categories and explained how disclosure might create a risk of circumvention).

The IRS here claims 7(A) and 7(E) exemptions broadly in light of Plaintiff's ongoing tax case, and because disclosure "would harm pending or ongoing enforcement proceedings."[11] *See* ECF No. 25-1 at 19–20; Rowe Decl., ECF No. 28-1 at ¶¶ 12. The documents withheld are identified as case activity notes of Revenue Agents, transmittal forms and memoranda, a fraud report, emails between Revenue Agents and attorneys from the Office of Chief Counsel, and DIF scores. The IRS asserts that disclosure of the reports would prematurely reveal the revenue agents' evidence and strategy and the focus, nature, and scope of the agency's investigations, *see* ECF No. 27 at 8, and provide an unfair advantage to Plaintiffs by granting "greater access to information about [their tax] investigations than they would otherwise be entitled to receive." Cottrell Decl, ECF No. 25-3 at ¶ 15.

Based on the information provided thus far, the Court grants the IRS's motion as to the following documents:

- DIF scores withheld under Exemption 7(E):
  - Responsive 2272111: 238–240, 92–93
  - Responsive 2272112: 243–45
  - Prefix Attachment: 3758, 5684
- Transmittal form and memorandum withheld under 7(E):
  - Responsive 2272112: 392–401
- Status indicators in the Internal Data Retrieval System (IDRS) transcripts withheld under Exemption 7(A) and Exemption 3 in conjunction with § 6103(e)(7):
  - Responsive 2272112: 261; 370–74

*See* Feldman Decl., ECF No. 25-2 at ¶ 21; Cottrell Decl, ECF No. 25-3 at ¶¶ 4–11, 15(a); Rowe Decl., ECF No. 28-1 at ¶ 52.

---

[11] These documents were withheld in full or part under Exemption 7(A):
1. Responsive-2272112: 240; 245; 261; 261; 370–74; 392–401
2. Prefix "IRS": 17–47, 51–52; 54–56; 58–61; 65–68; 87–88; 91–107; 113; 117; 122; 133–34; 140–41; 243; 263–65; 270; 313–14; 635–90; 693–94; 696–713; 715–20; 722; 790; 796; 853; 873–74
3. Prefix "Attachment": 208–378; 1,872–2,042; 2,057–2,199; 2,754–2,761; 3,0854–3,253; 3,907; 4,156–57; 4,271–4,441; 4,458–81; 4,694; 5,699–5,878–6,048; 6,050; 6,062–6,232; 6,422–6,564.
ECF No. 25-2 at ¶ 21.

As to all other withheld under Exemption 7(A) and 7(E), the descriptions are simply too vague and nonspecific to make any determination.  *See, e.g.* Feldman Decl., ECF No. 25-2 at ¶ 21.  Even with the more deferential standard given to law enforcement withholding, the agency's conclusory assertions cannot carry their FOIA burden.  Accordingly, summary judgment as to these documents is denied.

## II.    *VAUGHN* INDEX & *IN CAMERA* REVIEW

On the whole, the Court the IRS has failed to sustain its burden of demonstrating the propriety of withholding documents under Exemptions 3, 5, 6, 7A, 7C, and 7E.  Accordingly, the Court must conduct an *in camera* review of the withheld documents.  [W]here government's evidence "is so vague as to leave the district court with an inability to rule, then some other means of review must be undertaken, such as *in camera* review."  *See Rein v. U.S. Patent and Trademark Office*, 553 F.3d 353, 368 (4th Cir. 2009) (quoting *Ethyl Corporation v. U.S. EPA*, 25 F.3d 1241, 1250 (4th Cir. 1994)); *see also City of Virginia Beach, Va. v. U.S. Dep't of Commerce*, 995 F.2d 1247, 1251 (4th Cir. 1993).

This case has been pending for nearly eighteen months.  The Ayyads' initial FOIA requests were propounded almost *two years* ago, and yet the conversation remains centered on the IRS' failure to fulfill its well-established obligation to describe *with particularity* the bases for claimed withholding so that the Court can properly assess the legal propriety of the claimed exemptions.  This Court will not delay further review any longer.

Accordingly, the Court GRANTS Plaintiff's motion for summary judgment in part and DENIES the IRS' motion in part.  The Court further ORDERS the IRS to produce to this Court a *Vaughn* index and underlying withheld documents for *in camera* review on or before **March 2, 2018**.  The documents will be submitted electronically via disk and will be individually

*hyperlinked* to their entries in the Vaughn index so as to expedite the Court's review. Although the Court is mindful that customarily a *Vaughn* index "functions as a surrogate for the production of documents for in camera review," *Solers*, 827 F.3d at 328, the Court orders dual production for several reasons. First, the IRS has claimed eight different categories of exemptions for thousands of pages spanning several tax years and multiple agency decisions. Second, the documents are pulled from multiple sources and in various formats, such as emails with attachments and hard document files, and simply producing the documents in hard copy will be unwieldy and nearly impossible to segregate by claimed privilege. Finally, the Court encourages the IRS to view its creation of a *Vaughn* index, in addition to disclosure, as its last opportunity to provide substantive and well-reasoned bases for disclosure in lieu of the boilerplate submissions currently before the Court.

A separate Order follows.


2/2/2018                                          /S/
Date                                        Paula Xinis
                                            United States District Judge